GULOTTA, Judge.
Defendant seeks reduction of a $10,311.-98 award. No dispute exists concerning the special damages portion of the award which included $1,000.00 for loss of earnings, $891.55 for medical bills and $311.98 for property damage. Defendant does complain about the general damage award of approximately $8,100.00. Plaintiff does not seek an increase.
The basis of defendant’s complaint is that the injury sustained by plaintiff was minimal and that the trial judge abused his discretion in awarding the $10,000.00 policy limit. According to defendant, a laceration over the right eyebrow requiring sutures and resulting in a nondisfiguring, scar, a concussion and chest muscle contusion requiring a 24 to 48 hour observation period in a hospital immediately following the accident and a Bufferin tablet prescribed at *433 the hospital will not support an $8,100.00 general damage award. We disagree with defendant’s depiction of plaintiff’s injuries. Accordingly, we affirm.
The record supports plaintiff’s version of his injuries which are a cerebral concussion, laceration of the right eye resulting in a permanent nondisfiguring scar, contusion of the chest, cervical strain, headaches, loss of accommodation[1] of both eyes, swelling and inflammation of the eyelids and secretion in the eye (permanent in nature) when plaintiff engages in physical activity.
Dr. Joseph P. Rumage, an ophthalmologist, saw plaintiff on approximately eight occasions between and including November 2, 1973 and April 4, 1975. According to Dr. Rumage, the condition of the eye resulted from the trauma sustained in the accident and was causally connected to the accident. It was Dr. Rumage’s opinion that the swelling, irritation and watering of the eye are permanent in nature. No testimony was offered by defendant to dispute the medical opinion of Dr. Rumage.
Dr. Albert S. Cerniglia saw plaintiff on October 8, 1973, the date of the accident, in the Mercy Hospital emergency room.. According to Dr. Cerniglia’s report, the laceration above the right eye was sutured. Plaintiff complained of dizziness, headaches and pain in the upper left chest region. Plaintiff was seen by Dr. Cerniglia on five occasions between and including October 8, 1973 and November 26, 1973. According to Dr. Cerniglia, during this period of time, plaintiff complained of dizziness, headaches and pain in the chest. * A neurological examination by Dr. Kenneth E. Vogel was negative. On October 25, 1973, plaintiff was seen in consultation by Dr. John Signorelli because of complaints of pain in the upper chest region. Although soreness was present on palpation, no internal organ difficulty was revealed.
Although defendant contends the trial court award was influenced by the limits of liability policy provisions of the insurer, we cannot say that an $8,100.00 general damage award for residual periodic swelling and irritation of the eyelid, watering of the eye and loss of accommodation, all of which are permanent in nature, together with the other injuries sustained, constitutes an abuse of the trial court’s discretion. See LSA-C.C. art. 1934(3).
Accordingly, the judgment is affirmed.

Affirmed.

. According to Dr. Joseph Rumage, accommodation is defined as the ability to focus the eyes at a close distance requiring the use of reading glasses. Prior to the accident, plaintiff did not wear glasses. However, subsequent to the accident, glasses were prescribed for plaintiff. Dr. Rumage indicated that it was probable that the loss of accommodation was related to the accident.